(25 Misc. Rep. 641.)

### DONATH v. GERMANIA LAND CO. et al.

(Supreme Court. Special Term, Onondaga County. December, 1898.)

1. VENDOR AND PURCHASER—SPECIFIC PERFORMANCE—INFANTS.

An infant entered into a land contract, and the land was conveyed to her father. Pursuant to contract with the infant, the father erected a house on the land, and mechanics' liens were acquired by material men and laborers. On arriving at majority the infant disaffirmed the contract for the erection of the house, and affirmed that for the land. *Held,* that specific performance could not be enforced of the vendor; the liens prevented it.

2. SAME—DAMAGES FOR NONPERFORMANCE.

All the purchaser was entitled to was damages in the amount of the payment she had made on the land contract.

Action by Martha Donath against the Germania Land Company and others for specific performance of a contract for the sale of land, or in the alternative for money damages. Judgment for plaintiff.

Frederick A. Kuntzsch, for plaintiff.
Charles G. Baldwin, for defendant land company.
William A. Harding, for defendant B. S. Aldrich Co.
Costello & Walters, for defendant G. Fred Schafer.
Frank J. Miller, for defendant Dwight H. Murray.

HISCOCK, J.   The plaintiff, while under 21, made a contract with
the defendant land company to sell her a lot for $350 on or about
September 13, 1897, and she has paid upon said contract the sum of
$25.   Her father, who is a defendant in default, acted more or less
as her agent in conducting said negotiations and in the execution
of said contract.   Subsequent to its execution the land company ex-
ecuted a conveyance of the premises covered by said contract to said
father, Frederick Donath, and he gave back to it a mortgage for the
unpaid balance.   This transaction was not sufficiently authorized by
the plaintiff to make it binding upon her.   After the execution of
said contract, as plaintiff claims, she made a contract with her father
to erect a house upon said premises, and he commenced the erection
thereof.   He was unable to pay for the labor and materials used
therein, and liens were filed against the same, which are still unpaid,
and are held by the various defendants other than the land company
and Donath, and are valid against said premises, with the exception
of one lien, which has been waived by the obtaining and entering of
a money judgment for the amount thereof.   Plaintiff claims that she
paid her father $125 upon the contract for the erection of this build-
ing, but I am not satisfied from the evidence that she advanced that
sum.   At the time of the execution of said contract with the defend-
ant land company, and of said alleged contract with her father for the
erection of her house, plaintiff was under age.   Since becoming of age
she has affirmed her contract with the land company, and demanded
the execution thereof, and, she claims, has disaffirmed her contract
with her father for the erection of said house.   She seeks specific
performance of her contract with the land company, or, in case that
cannot be awarded, money damages.

As above stated, there is no evidence which proves that the land
company was authorized to execute the conveyance of said premises
to Frederick Donath, the father, and take back the mortgage.   This
being so, plaintiff would be entitled to judgment in this case setting
aside said conveyance and mortgage, and decreeing specific perform-
ance by defendant, in the form of a conveyance of said premises to
her in accordance with the contract, free and clear of incumbrances,
etc., upon her paying the balance of the purchase price.   It is clear,
however, that specific performance cannot be awarded in this case,
on account of the liens which have been filed against said premises,
and which should be held good,—certainly as against the defendants
land company and Frederick Donath.   This being so, and the court
having obtained jurisdiction of the subject-matter, it is proper to dis-
pose of the litigation by awarding such other judgment by way of
damages as will do justice between the parties.   I am unable to find
that plaintiff has suffered any damages in the matter for which de-
fendant land company can be held responsible, except in the payment
of $25 on the purchase price of the premises of which defendant is
now unable to give her a sufficient conveyance; and a judgment for
that amount, with interest from the date of payment, is directed.
Plaintiff is also awarded taxable costs of this action against defend-
ant land company to the amount of $50 and disbursements.   Or-
dered accordingly.